United States District Court
Southern District of Texas
**ENTERED**
April 13, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSIE VALERIE, <br> SPN 01551579, <br>     Plaintiff, <br> VS. <br> JUDGE WALLACE, *et al*, <br>     Defendants. | § <br> § <br> § <br> § <br> §     CIVIL ACTION NO. H-18-491 <br> § <br> § <br> § |

## MEMORANDUM AND ORDER

Plaintiff Jessie Valerie, a pre-trial detainee proceeding *pro se*, filed this lawsuit under 42 U.S.C. § 1983 against Judge Wallace, the presiding judge over the 263rd Judicial District Court where he is a criminal defendant, and the District Attorney in that same court. Docket Entry No. 1 at 1, 3. He has also filed a motion to proceed *in forma pauperis*. *See* Docket Entry No. 2. Based on a careful review of the complaint pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B), the Court **DISMISSES** this lawsuit as frivolous.

## I. BACKGROUND

Public records indicate that Plaintiff is a criminal defendant in the 263rd Judicial District Court of Harris County, Texas, charged with felon in possession of a weapon.[1] Plaintiff alleges, without elaboration, that Judge Wallace and the District Attorney have violated his due process and equal protection rights by denying him an examining trial and by filing a defective indictment. Docket Entry No. 1 at 3-4.

---

[1] *See* Harris County Sheriff's Office website, *available at* https://apps.jims.hctx.net/sopublic/Inquiry.do, last visited Apr. 5, 2018.

1 / 4

## II. ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*; *see also* 28 U.S.C. § 1915A. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

## III. DISCUSSION

Plaintiff's claim against Judge Wallace, the presiding judge of his criminal case, is legally frivolous because it is well established that a judge enjoys absolute immunity for actions taken in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57 (citation omitted). Plaintiff's claim against Judge Wallace is that he denied Plaintiff's motion for an examining trial, which is well within Judge Wallace's jurisdiction and judicial function. Hence, Judge Wallace enjoys absolute immunity for the claims alleged here.

Likewise, Plaintiff's claim against the prosecutor in his criminal case is frivolous because prosecutors are absolutely immune to suit for actions they take in the course of pursuing the

State's case. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Furthermore, a prosecutor's intent is irrelevant as long as her acts are connected to the initiation and course of a prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 426-29 (1976).

Plaintiff's complaint against the prosecutor center on the prosecutor's alleged failure to present an indictment or summon a grand jury, which are exercises of the prosecutor's advocatory function. Therefore, the prosecutor is also absolutely immune for the conduct alleged in this section 1983 case. *See Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (citing *Imbler*, 424 U.S. at 430-31) (holding that a prosecutor is absolutely immune for acts in the exercise of her advocatory function). Therefore, Plaintiff's claims must be dismissed as frivolous.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's Complaint (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) as frivolous.

2. Plaintiff's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**, and the Harris County Jail shall deduct twenty percent of the preceding month's income credited to Plaintiff's inmate trust fund account and forward payments to the court on a monthly basis in accordance with 28 U.S.C. § 1915(b), until the filing fee obligation of $350.00 for this case is paid in full.

3. All pending motions, if any, are **DENIED as MOOT.**

4. **This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street,**

**Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.**

The Clerk of Court will also provide a copy of this Order to the parties and to the Inmate Trust Fund Manager for the Harris County Jail, 1200 Baker Street, Houston, Texas 77002.

SIGNED at Houston, Texas, this 12th day of April, 2018.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE